## GROSS v. MARCHLEWSKI, Polish Consul General.

District Court, S. D. New York.
June 13, 1933.

Alexander A. Salotollo, of New York City, for plaintiff.

Blum & Jolles, of New York City, for defendant.

COXE, District Judge.

Although the deceased was domiciled in Bronx county at the time of his death, the Polish court had jurisdiction to administer the property found in Poland; and this court should not undertake either to control or override the disposition of the estate made by the Polish tribunal. Furthermore, the Polish decree was made after notice to the widow, and after receiving her deposition with respect to the payment of various charges against the estate; and she is not in a position now to complain that her own personal claims against the deceased were not given recognition.

The decree directs distribution one-third to the widow and two-thirds to the daughter; and the moneys in the hands of the consul are the distributive shares to which the widow and the daughter are entitled, respectively; consequently the consul has no fund belonging to the estate, but merely moneys for transmission to designated parties as directed by the Polish court. The case of Ordronaux v. Helie, 3 Sandf. Ch. (N. Y.) 512, cited by the plaintiff, has no application, as the basis of the decision was fraud, which is not the case here. Moreover, the opinion expressly states that the jurisdiction of the New York court "would not be exercised, when the foreign administrator has fully discharged his functions in the country where he was appointed." In the present case, the Polish administration has been completed, and the consul is acting only in a ministerial capacity to carry out the court's directions with respect to the distribution of the fund. Whatever remedy the plaintiff may have should be directed against the distributees under the Polish decree, and not against the consul.

The motion of the plaintiff to direct the Polish consul to turn over the moneys in his hands is denied.